Dear Sheriff Phillips:
Reference is made to your recent request regarding the Legislative Auditor's investigation of alleged wrongdoing at the St. Helena Parish Assessor's Office during your term of office as Assessor.
You have advised this office that since the investigation questioned certain hiring and accounting practices, and since the investigation involved the potential misuse of public funds, you felt it necessary to hire counsel, Mr. Lewis Unglesby. You also advise that the funds of the Assessor's office were used to pay Lewis Unglesby the sum of $10,000. The Legislative Auditor questions whether or not the payment to Mr. Unglesby was a proper expenditure, and has sought information as to what type of services Mr. Unglesby provided to the Assessor's Office. It is our understanding that you have not provided the Auditor with the information he seeks as you have asserted the attorney-client privilege.
Specifically, you have asked this office for its opinion as to whether or not it was appropriate for public funds of the Assessor's Office to be used for the payment of the $10,000 to Mr. Unglesby.
This office has consistently opined that if a public official or employee is prosecuted for a criminal offense and is found not guilty and the alleged offense arose out of the performance of his official functions, then the public body that employs that person may pay the reasonable attorney's fees and expenses that result from defense of such charges. Atty. Gen. Op. No. 94-613A, 94-384, 93-376, 91-474, 89-110. Conversely, in cases where the public official or employee is not completely exonerated of all wrongdoing, we have opined that reimbursement cannot be made. Atty. Gen. Op. No. 94-613. Additionally, while criminal action is pending against an official, it is not legal for the official's attorney's fees to be paid from public funds. Atty. Gen. Op. No. 85-412. See also Atty. Gen. Op. No. 77-164, which determined that a sheriff could not use public funds to pay for investigatory work performed by his legal counsel in connection with a grand jury investigation of the Sheriff's alleged wrongdoing.
In a similar vein, this office has determined that public officials can be reimbursed for their legal expenses in connection with investigations by the Board of Ethics for Elected Officials or Commission on Ethics for Public Employees, but only if and when the official or employee is exonerated of all violations of the Code of Ethics. Atty. Gen. Ops. Nos. 95-242, 94-369 and 94-369A. Atty. Gen. Op. No. 94-369 further determined that public funds could not be used to pay the legal fees of a Levee Commissioner removed from office by the Governor after an investigation by the Inspector General resulted in findings of improper and abusive use of public funds.
The Attorney General's office has also consistently opined that public funds may only be utilized to pay the legal expenses incurred by public officials and employees in connection with civil suits brought against them if (and only after) the defense of the litigation is successful and if the allegations arose out of the performance of the official functions of the public officer or employee. Atty. Gen. Ops. Nos. 97-248, 95-492, 94-407, 93-229, 77-902.
The Office of the Legislative Auditor has provided us with a copy of the Investigative Audit of the St. Helena Parish Assessor's Office, which is dated April 25, 1997. As you indicated, the Audit questioned certain hiring practices and the potential misuse of public funds. However, although it is clear that you dispute the Auditor's findings, those findings, as contained in this Investigate Audit Report, do not exonerate you. Rather, the Audit findings indicate wrongdoing on your part, as the report alleges that you paid an individual $8,000 without documentation to indicate the work performed, that you used public funds to purchase personal clothing, that you used a public credit card for personal use, that you paid an employee for services that were not provided, and that you used a publicly funded cellular telephone for personal purposes.
In light of the fact that the Audit does not exonerate you of wrongdoing, we are constrained to opine, in accordance with the Attorney General's Opinions cited herein, that the funds of the Assessor's office should not have been used to pay Mr. Unglesby. Since the focus of the audit was your hiring practices and your use of public funds it was perfectly appropriate for you to seek the services of counsel. However, it is the opinion of this office that you should have used your own personal funds to pay Mr. Unglesby, and not the funds of the Assessor's office.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv